Keith A. Fink, Bar No. 146841
kfink@finklawfirm.com
Sarah E. Hernandez, Bar No. 206305
shernandez@finklawfirm.com
Jennifer H. Yeung, Bar No. 280819
jyeung@finklawfirm.com
KEITH A. FINK & ASSOCIATES
11500 West Olympic Boulevard, Suite 316
Los Angeles, California 90064
Phone: (310) 268-0780
Facsimile: (310) 268-0790

Attorneys for Respondent
DOV CHARNEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Applicant,<br><br>v.<br><br>DOV CHARNEY,<br><br>Respondent. | Case No. 2:16-mc-00016 JAK(KKx)<br><br>**RESPONDENT DOV CHARNEY'S NOTICE OF STATEMENT OF OBJECTION TO MARCH 24, 2016 REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE ON PETITIONER NLRB'S APPLICATION FOR RESPONDENT'S SUBPOENA COMPLIANCE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[No hearing date scheduled]<br><br>District Judge: John A. Kronstadt<br>Magistrate Judge: Kenly Kiya Kato |

//
//

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT RESPONDENT DOV CHARNEY ("Charney" and/or "Respondent") respectfully submits this Statement of Objection to the Report and Recommendation of Magistrate Judge Kenly Kiya Kato made upon PETITIONER NATIONAL LABOR RELATION BOARD'S ("NLRB" and/or "Petitioner") Application for an Order Requiring Compliance with Administrative Subpoena Duces Tecum pursuant to 29 U.S.C. § 161 issued to Respondent Charney.

This Statement of Objection is being submitted pursuant to 28 U.S.C. § 636(b)(1)(C). This Statement is based on this Notice, the attached Memorandum of Points and Authorities, all pleadings and files in this matter, and such additional evidence and arguments as may be presented at or before the time set for hearing, should this matter be set for hearing..

DATED: April 22, 2016

KEITH A. FINK & ASSOCIATES

_____
Keith A. Fink
Sarah E. Hernandez
Jennifer H. Yeung
Attorneys for Respondent
DOV CHARNEY


# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. LEGAL ARGUMENT

### 1.1 Charney is a Third-Party to the Underlying Matter and Should Be Protected By Federal Privacy Laws.

Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. Zuniga v. Western Apartments, No. CV 13-4637 JFW(JCx), 2014 WL 2599919, at 3 (C.D.Cal. Mar. 25, 2014) (citations omitted). "The United States Supreme Court has recognized a constitutional right to privacy, more specifically, a constitutional right to nondisclosure of one's personal information." Whalen v. Roe, 429 U.S. 589, 599 (1977); Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 457 (1977).

However, this right is not absolute; rather, it is subject to a balancing test. Stallworth v. Brollini, 288 F.R.D. 439, 444 (N.D. Cal.2012) (citing Crawford v. United States Tr., 194 F.3d 954, 959 (9th Cir.1999)). "When the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.'" Artis v. Deere & Co., 276 F.R.D. 348, 352 (N.D.Cal.2011) (citations omitted). "Compelled discovery within the realm of the right of privacy 'cannot be justified *solely* on the ground that it may lead to relevant information.'" Id. (emphasis added).

As presented in Charney's Opposition to Application for Order (Dkt. 15), the Board has provided no safeguard to ensure that Charney's personal and private information will remain confidential. The items requested in the Subpoena seek potentially sensitive and confidential details about Charney's personal life because a majority of the document requests relates to communications and/or messages between Charney and close friends (a fact which is undisputed). As a third-party to

the case, it is unduly prejudicial for Charney to be forced to publicly share these communications.

It is similarly unduly prejudicial for Charney to be forced to publicly discuss and produce any business license applications he may have filed since January 1, 2015. Again assuming *arguendo* that Charney did cause applications for business licenses to be filed since January 1, 2015, the document request relating to same would force Charney to reveal potentially sensitive proprietary information and confidential details about his business affairs, which are wholly *unrelated* to the issue before the Board, i.e. whether Charney's alleged involvement in the General Brotherhood of Workers of American Apparel ("GBWAA") creates such a conflict of interest that GBWAA cannot be certified.

In her Report and Recommendation ("R&R"), Magistrate Judge Kato states, "the Subpoena only seeks applications that have already been filed with the State of California... Therefore, there do not appear to be relevant privacy concerns." <u>R&R</u> at p. 8. However, there has been no showing by Petitioner that any applications, should they exist, are relevant and material to the NLRB's investigation. <u>U.S. v. Golden Valley Elec. Ass'n</u>, 689 F.3d 1102, 1113 (9th Cir. 2012). Even if the request is for applications Charney has already filed with the State of California, how is this request relevant to the issue of conflict of interest? Absent an affirmative showing that such evidence is relevant and material to the Board's investigation, such request is an invasion of Charney's federal privacy rights and as such, the Subpoena should not be enforced.

To the extent Charney is required to review *all* communications and/or messages exchanged between him and the parties listed and determine what documents are relevant and material to the issue before the Board, and then to redact portions of said communications and/or messages not relevant to the issues before the Board (as Hearing Officer Haddad had recommended on January 11,

2016 (Dkt. Page ID: #49-50)), such a request, particularly on a third-party, is unduly burdensome. For these reasons as well, the Subpoena should not be enforced. NLRB v. North Bay Plumbing, Inc., 102 F.3d 1005, 1007 (9th Cir. 1996).

### 1.2 The Subpoena As Is Enables American Apparel to Conduct Discovery Into Matters Not Relevant To The Board's Investigation.

In her Report and Recommendation ("R&R"), Magistrate Judge Kato stated, "Contrary to Charney's claim, the Subpoena does not seek 'to obtain testimony from Charney about *anything* related to American Apparel.'" (quoting Charney's Opposition to Application for Order at p. 11). R&R at p. 8. However, the language of the Subpoena does not provide for *any* limitation that Charney's testimony must be related and material to the issue of conflict of interest. Rather, the Subpoena states, "YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE a Hearing Officer of the National Labor Relations Board… to testify in AMERICAN APPAREL 21-RC-164096". (Dkt. Page ID. #9). The Subpoena does not limit the testimony requirement to the eight items identified in the Attachment to Subpoena, not to mention relevant information necessary to determine the case at hand (which will be distinguished and discussed below).

Charney's concern that American Apparel is effectively on a fishing expedition further stems from Hearing Officer Haddad's statements made during the January 11, 2016, hearing that American Apparel may seek testimony from Charney "*not just for the petitioned for documents.*" (Dkt. Page ID. #53).

For these reasons, it is entirely possible that without a Court Order expressly prohibiting otherwise, American Apparel will use this as the perfect opportunity to conduct discovery and/or obtain information regarding other lawsuits filed by Charney against American Apparel.

Given the fact that Charney is heavily involved in litigation with American Apparel, and a third-party to the underlying case, this Court should proceed with extra caution in requiring Charney to testify before the Board, when without a Court Order stating otherwise, the sky is the limit for American Apparel's lines of questioning.

While for obvious reasons, American Apparel does not admit or advance the argument that it intends to conduct discovery into the five other matters in which Charney and American Apparel and/or related entities are parties, the language of the Subpoena and Hearing Officer Haddad's statements leave the door wide open.

As addressed in Charney's Opposition to the Application for Order, Charney is involved in the following lawsuits. Three of those five are currently stayed for various reasons set forth below:

- *Charney v. American Apparel and David Danziger*, Los Angeles Superior Court Case No. BC 585664: Special Motion to Strike pursuant to C.C.P. § 425.16(g) filed but not yet ruled upon as entire action is stayed pending American Apparel's bankruptcy filing in Delaware;

- *Charney v. American Apparel and Colleen Brown*, Los Angeles Superior Court Case No. BC 581602: Special Motion to Strike pursuant to C.C.P. § 425.16(g) filed and granted, entire action stayed pending appeal;

- *Charney v. American Apparel, Allan Mayer, David Danziger, Robert Greene, Marvin Igelman, William Mauer, and John Luttrell*, Los Angeles Superior Court Case No. BC 586119;

- *Charney v. Standard General, et al.*, Los Angeles Superior Court Case No. BC 586119: Special Motion to Strike pursuant to C.C.P. § 425.16(g) filed and granted, entire action stayed pending appeal; and

- *Charney v. American Apparel, Inc.*, American Arbitration Association Case No. 01-14-0000-7628.

For the reasons set forth above, enforcement of the underlying Subpoena, as is and without any limitation, would in essence permit American Apparel to get around the automatic stay imposed by American Apparel's bankruptcy and the state-law imposed stay on discovery stemming from Special Motions to Strike filed against three of Charney's actions under C.C.P. § 425.16(g) *and* the stay imposed on discovery pending appeals on two of these motions. It would also permit American Apparel to obtain free discovery from Charney to be used against him in future court proceedings without Charney receiving similar such discovery to be used against American Apparel in these same proceedings.

### 1.3 In the Event this Court Orders Charney to Comply With the Subpoena, this Court Should Modify the Report and Recommendation and Limit the Subpoena's Scope and Questioning to "Relevant Information Necessary to Determine the Case at Hand."

In her Report and Recommendation, Magistrate Judge Kato expressly acknowledges that American Apparel *could* use the Subpoena at issue to improperly obtain information from Charney about various other lawsuits filed by Charney against American Apparel. R&R at p. 8. Judge Kato concludes, however, that no protective order expressly restricting the scope of inquiry is required at present because the Subpoena at issue is *not* so broad that it seeks testimony from Charney about "*anything* related to American Apparel" (emphasis in original). Id.[1] Indeed, Judge Kato holds that the NLRB and American Apparel's lines of questioning by default should be limited to "relevant information necessary to determine the case at hand," i.e. whether Charney's alleged involvement in the GBWAA creates such a conflict of interest that GBWAA cannot be certified. Id. In her final Recommendation, however, Judge Kato changes her wording slightly but significantly, recommending that this Court order Respondent Charney "to appear

---

[1] Again, Charney so argued in his Opposition to the NLRB's Application for Order because of on-the-record comments made by Hearing Officer Haddad on January 11, 2016, who made passing reference to Charney's testimony not being limited to the petitioned for documents.

before the NLRB... and answer questions [*not* limited to "relevant information necessary to determine the case at hand" but instead] related to the matters under investigation as described in [American Apparel's] Subpoena Duces Tecum B-1-P6SO5T." R&R at p. 9. This change is significant because what is described in the Subpoena, either through its cover page or the Attachment to Subpoena, does not necessarily relate to the case at hand and/or the issue before the Board regarding conflict of interest. Here, to the extent this Court orders Charney to comply with the Subpoena, Charney respectfully requests that this Court modify this R&R such that Charney be ordered to appear and answer questions *not* "as described in [American Apparel's] Subpoena Duces Tecum B-1-P6SO5T," but instead limited to "relevant information necessary to determine the case at hand."

### 1.4 Respondent Charney Has NOT "Abandoned" His Attorney-Client Privilege and Work Product Objections.

In her Report and Recommendation, Judge Kato concludes in passing at footnote 4 that Respondent "Charney appears to have abandoned his claim of attorney-client privilege and attorney work product by failing to raise the objection in the Opposition." R&R at p. 9, fn. 4. On the contrary, Respondent Charney individually objected to each one of the Subpoena document requests on these two grounds. See Charney's Petition to Revoke Subpoena Duces Tecum. Respondent Charney further argued this point generally in his Petition. Id. at p. 4. As such, Charney in no way has "abandoned" this argument. Furthermore, on January 11, 2016, Hearing Officer Haddad already made the determination that to the extent any responsive documents are subject to the attorney-client privilege and/or attorney work product, Charney's counsel may submit a privilege log which would be subject to an *in camera* review by the hearing officer. (Dkt. Page ID: #50).

//
//

## 2. CONCLUSION

For the foregoing reasons, Respondent Charney respectfully requests this Court to make a de novo determination of Magistrate Judge Kenly Kiya Kato's March 24, 2016 Report and Recommendation, reject the same, and deny Petitioner's Application for Order in its entirety.

In the alternative, Respondent Charney respectfully requests that this Court modify Judge Kato's Report and Recommendation and restrict the scope of the Subpoena's document requests and any lines of questioning *only* to questions and documents pertaining to "relevant information necessary to determine the case at hand," i.e. whether Charney's alleged involvement in the GBWAA creates such a conflict of interest that GBWAA cannot be certified. Furthermore, Respondent Charney respectfully requests that to the extent his appearance is required before the Board, as he is a third-party to the underlying matter, that any such appearance be scheduled on a mutually agreeable date and/or based on Charney's and his counsel's availability.

DATED: April 22, 2016

KEITH A. FINK & ASSOCIATES

_____
Keith A. Fink
Sarah E. Hernandez
Jennifer H. Yeung
Attorneys for Respondent
DOV CHARNEY

RESPONDENT CHARNEY'S STATEMENT OF OBJECTION TO R&R RE PETITIONER
NLRB'S APPLICATION FOR SUBPOENA COMPLIANCE

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11500 W. Olympic Boulevard, Suite 316, Los Angeles, California, 90064.

On April 22, 2016, I served the document described as **RESPONDENT DOV CHARNEY'S NOTICE OF STATEMENT OF OBJECTION TO MARCH 24, 2016 REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE ON PETITIONER NLRB'S APPLICATION FOR RESPONDENT'S SUBPOENA COMPLIANCE; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in their action as follows:

[X]   by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Margaret W. Serrano<br>Stephanie Cahn<br>William M. Pate<br>National Labor Relations Board<br>Region 21<br>888 South Figueroa Street, Ninth Floor<br>Los Angeles, California 90017 | Al Latham, Jr.<br>Cameron W. Fox<br>Paul Hastings LLP<br>515 S. Flower St., 25th Floor<br>Los Angeles, CA 90071 |

[X]   BY MAIL

  [X]   As follows: I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of the court at whose direction the service was made.

Dated: April 22, 2016

*Courtney Miller*
Courtney Miller