UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, ON RELATION OF AMERICAN APPAREL, INC., <br><br> Applicant, <br><br> v. <br><br> DOV CHARNEY, <br><br> Respondent. | Case No. MC 16-0016-JAK (KK) <br><br> FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Honorable John A. Kronstadt, United States District Judge, pursuant to Title 28 of the United States Code, section 636 and General Order 194 of the United States District Court for the Central District of California.

## I.

## **SUMMARY OF RECOMMENDATION**

This is an administrative subpoena enforcement proceeding relating to an action before the National Labor Relations Board ("NLRB") on an election petition seeking certification of a labor union. On February 4, 2016, the NLRB filed an Application for an Order Requiring Compliance with Administrative

Subpoena Duces Tecum pursuant to Title 29 of the United States Code, section 161 ("Application") issued to Respondent Dov Charney ("Charney"). ECF Docket No. ("dkt.") 1, App. For the reasons set forth below, the Court recommends granting the Application in its entirety.

## II.
## BACKGROUND

On November 12, 2015, the General Brotherhood of Workers of American Apparel ("GBWAA") filed an election petition against American Apparel requesting certification as a labor union and alleging American Apparel declined recognition of GBWAA on August 27, 2015. Ex. 1.[1] On November 13, 2015, the NLRB served a Notice of Representation Hearing, setting a hearing on the petition for November 23, 2015. Ex. 2.

On November 18, 2015, American Apparel served a Subpoena Duces Tecum B-1-P6SO5T ("Subpoena") on Charney, American Apparel's former CEO. App. at ¶ 6; Ex. 4; Opp. at 2-3; Ex. 5. The Subpoena seeks (1) Charney's correspondence with the president of the GBWAA and four other individuals previously or presently involved with the GBWAA; (2) records relating to any money Charney paid or loaned to the GBWAA, or organizations allegedly related to the GBWAA; and (3) copies of applications for business licenses that Charney caused to be filed from January 1, 2015 to the present. Ex. 4; Dkt. 4, NLRB Memorandum of Points and Authorities ("Mem.") at 2-3. On November 20, 2015, Charney filed a Petition to Revoke the Subpoena with the NLRB, objecting to the Subpoena on the grounds of (a) relevance, (b) that the Subpoena is overbroad and unduly burdensome, (c) attorney-client privilege and/or attorney work product, and (d) invasion of privacy. Ex. 5.

---

[1] Exhibit numbers refer to the Exhibits attached to the Application.

On November 20, 2015, American Apparel filed a Statement of Position alleging (1) GBWAA is not a labor organization under the Act; and (2) the involvement of Charney in the GBWAA creates such a conflict of interest that the GBWAA cannot be certified. Ex. 3. On November 23, 2015, American Apparel filed an Answer to the Petition to Revoke the Subpoena. Ex 6.

On November 23 and 24, 2015, Charney failed to appear at the NLRB hearings. Ex. 7.

On November 30, 2015, Charney's counsel appeared at the NLRB hearing on his behalf. Ex. 8. At the hearing, the hearing officer declined to enforce the Subpoena at that time, finding there was sufficient information in the record. Id. The hearing officer then closed the hearing and referred the matter to the Regional Director for decision. Id.; Ex. 9. However, on December 28, 2015, the Regional Director, in a written decision, reopened the hearing for the purpose of reconsidering American Apparel's request to enforce the Subpoena, finding the additional information sought in the Subpoena would be useful in rendereing a decision on (1) GBWAA's status as a Section 2(5) labor organization, and (2) whether certification of GBWAA would give rise to a conflict of interest. Ex. 9.

At the reopened hearing on January 11, 2016, the hearing officer denied the Petition to Revoke and ordered Charney to appear and produce documents pursuant to the Subpoena on January 12, 2016. Ex. 10.

On January 12, 2016, Charney failed to appear or produce documents and the NLRB agreed to pursue enforcement of the Subpoena. Ex. 11.

On February 4, 2016, the NLRB filed the instant Application. Dkt. 1, App. On March 8, 2016, Charney filed an Opposition. Dkt. 15, Opp. On March 15, 2016, American Apparel filed a Reply. Dkt. 16, Reply. The Court finds the matter appropriate for decision without oral argument.

On March 24, 2016, the Court issued a Report and Recommendation ("R&R"). Dkt. 17. On April 22, 2016, Charney filed an Objection to the R&R.

3

Dkt. 19. Charney's Objections are addressed in this Final Report and Recommendation at footnote 4 and a non-substantive revision to the final sentence of Section IV.D mirroring the language of the Court's recommendation in Section V.

## III.
## LEGAL STANDARD

The Ninth Circuit has explained that "[t]he scope of [a court's] inquiry in an agency subpoena enforcement proceeding is narrow." NLRB v. North Bay Plumbing, Inc., 102 F.3d 1005, 1007 (9th Cir. 1996); see U.S. v. Golden Valley Elec. Ass'n, 689 F.3d 1102, 1113 (9th Cir. 2012). In such a proceeding, the Court considers three questions: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." Golden Valley Ass'n, 689 F.3d at 1113. If these three questions are answered in the affirmative, the subpoena must be enforced unless the opposing party shows that the subpoena is overbroad or unduly burdensome. North Bay Plumbing, Inc., 102 F.3d at 1007.

## IV.
## DISCUSSION

**A.    THE NLRB HAS AUTHORITY TO INVESTIGATE**

The NLRB has the statutory authority to issue subpoenas requiring the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding. See 29 U.S.C. § 161(1); North Bay Plumbing, Inc., 102 F.3d at 1008. District Courts can enforce NLRB subpoenas pursuant to Title 29 of the United States Code section 161, subdivision (2) ("Section 161(2)").[2]

---

[2] Section 161(2) provides as follows:

Accordingly, the Court finds the NLRB had statutory authority to issue the Subpoena in connection with its investigation into the GBWAA election petition.

**B.    THE NLRB SATISFIED PROCEDURAL REQUIREMENTS**

Section 102.31 of the NLRB's Rules and Regulations provides general procedures for the issuance of subpoenas and petitions to revoke subpoenas. See 29 C.F.R. § 102.31; North Bay Plumbing, Inc., 102 F.3d at 1008. Charney does not contend these procedures were not followed. See Opp. Rather, Charney identifies alleged violations of the NLRB Case Handling Manual and objects to enforcement of the Subpoena on the following grounds: (a) personal appearance is not allowed at the pre-complaint phase; (b) the Subpoena does not compel testimony because it is not captioned as a subpoena *ad testificandum*; and (c) the Subpoena lacks specificity due to the use of the word "all." Opp. at 6-8.

Charney's arguments are meritless. First, Section 102.31 of the NLRB's Rules and Regulations and Title 29 of the United States Code, section 161(1) ("Section 161(1)") expressly allow for pre-complaint subpoenas compelling testimony. 29 C.F.R. § 102.31(a); 29 U.S.C. § 161(1); North Bay Plumbing, Inc., 102 F.3d at 1008. Second, the Subpoena is clear on its face that it is intended to compel both testimony and production of documents. See Ex. 4. Third, to the extent the information sought in the Subpoena is relevant and not overly broad as discussed below, there is no regulation *per se* prohibiting the use of the word "all" to describe documents sought in a subpoena.

---

> In case of contumacy or refusal to obey a subpena issued to any person, any district court of the United States or the United States courts of any Territory or possession, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

29 U.S.C. § 161(2).

Accordingly, the Court finds the NLRB satisfied all applicable procedural requirements in seeking to enforce the Subpoena.

## C. THE INFORMATION SOUGHT IN THE SUBPOENA IS RELEVANT

The NLRB must show "only some reasonable basis for believing that the information will prove relevant." NLRB v. Int'l Medication Sys., Inc., 640 F.2d 1110, 1114 n.3 (9th Cir. 1981); see also EEOC v. Children's Hospital Med. Ctr. of Northern California, 719 F.2d 1426, 1429 (9th Cir. 1983) (en banc) ("When . . . '[t]he evidence sought by the subpoena was not plainly incompetent or irrelevant to any lawful purpose,' it should have been enforced.") (quoting Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 509, 63 S. Ct. 339, 87 L. Ed. 424 (1943)). A district court defers to "the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong." N.L.R.B. v. Am. Med. Response, Inc., 438 F.3d 188, 193 (2d Cir. 2006); F.D.I.C. v. Garner, 126 F.3d 1138, 1143 (9th Cir. 1997) (citing the Second Circuit standard approvingly).

Here, the Subpoena seeks (1) communications between Charney and five named individuals from the date Charney was suspended as CEO of American Apparel to the present, regarding American Apparel, Hermandad Mexicana, "TeamDov," "Workers United to Save American Apparel," or the GBWAA;[3] (2) documents evidencing Charney's financial support of Hermandad Mexicana, "TeamDov," "Workers United to Save American Apparel," or the GBWAA from the date Charney was suspended as CEO of American Apparel to the present; and (3) applications for business licenses Charney filed from January 1, 2015 to the present.

---

[3] American Apparel alleges, and Charney does not dispute, that Hermandad Mexicana, "TeamDov," and "Workers United to Save American Apparel," are affiliated with GBWAA. See Opp.; Reply at 2.

The Regional Director determined the documents and testimony sought would assist her in determining the issues presented in the election petition. See Ex. 9. Charney does not dispute the relevance of the information sought; rather, he argues the information is merely cumulative. Opp. at 9. Because the NLRB's appraisal of relevancy is "not obviously wrong," the Court defers to the agency's finding. See Am. Med. Response, Inc., 438 F.3d at 193; Garner, 126 F.3d at 1143. Accordingly, the Court finds the information sought is relevant to establishing Charney's involvement with the GBWAA and whether there exists a conflict of interest.

### D. THE SUBPOENA IS NOT OVERBROAD OR UNDULY BURDENSOME

Finally, Charney argues the Subpoena is overbroad because the NLRB does not need the information because "it is unlikely that the [NLRB] will change its inclination regarding whether a complaint should issue." Opp. at 9. This argument is non-sensical. Despite the hearing officer's initial determination the additional information was not necessary, the Regional Director determined it would be helpful in rendering her decision. As discussed above, the Court finds the information sought is relevant to determining the issues presented by the election petition. Charney does not point to any categories of information sought in the Subpoena that would not be relevant to the issue of certification. Hence, the Subpoena is not overbroad.

Charney next makes various arguments challenging the Subpoena, which the Court finds meritless. First, Charney conclusorily argues enforcing the Subpoena would violate his privacy. This argument has been squarely rejected by the Ninth Circuit in North Bay Plumbing, which considered the argument that certain subpoenas violated "state privacy laws" and rejected it because "investigations for federal purposes may not be prevented by matters depending upon state law." North Bay Plumbing, Inc., 102 F.3d at 1009. Moreover, even if state law were

applicable, Charney points to no compelling private information that would be disclosed. Nor does Charney point to any applicable federal privacy laws.[4]

Second, Charney argues requiring him to produce the business applications "would force him to reveal sensitive proprietary information and confidential details about his business affairs." Opp. at 9-10. However, the Subpoena only seeks the applications that have already been filed with the State of California. Ex. 4. Therefore, there do not appear to be relevant privacy concerns.

Third, Charney argues American Apparel is improperly seeking to obtain information about various other lawsuits filed by Charney against American Apparel and requests a protective order limiting disclosure to the NLRB. Opp. at 10-11. Contrary to Charney's claim, the Subpoena does not seek "to obtain testimony from Charney about *anything* related to American Apparel." See Opp. at 11. The Court finds a protective order limiting disclosure to the NLRB is not appropriate, because it would prevent American Apparel from litigating the action. Moreover, Charney cites to no authority for his position that the NLRB and American Apparel should not have access to relevant information related to the matters under investigation as described in the Subpoena.

///
///

---

[4] In his Objections, Charney argues for the first time that the Subpoena violates a federal constitutional right to privacy. Obj. at 3-5. The Court declines to consider arguments raised for the first time in Objections. Charney is represented by counsel who failed to raise this argument in his Opposition, citing no authority except a general invocation of his "privacy rights" (see Opp. at 8), and the arguments in question are neither novel nor unexpected. See Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."). Moreover, Charney fails to point to any compelling private information that would be disclosed. In addition, the cases cited by Charney do not support his position because they involve disclosure of medical information, see Whalen v. Roe, 429 U.S. 589, 600, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977), and the presumptive confidentiality of Presidential communications, see Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 440, 97 S. Ct. 2777, 53 L. Ed. 2d 867 (1977).

## V.
## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that the District Court issue an order: (1) accepting the findings and recommendations in this Report; (2) GRANTING the NLRB's Application; and (3) ordering Charney to appear before the NLRB to produce the subpoenaed documents described therein, and answer questions related to the matters under investigation as described in the Subpoena Duces Tecum B-1-P6SO5T.[5]

Dated: April 28, 2016

*/s/ Kenly Kiya Kato*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

---

[5] Charney appears to have abandoned his claim of attorney-client privilege and attorney work product by failing to raise the objection in the Opposition. To the extent Charney maintains production of certain documents would violate his attorney-client privilege or his attorney's work product, Charney shall produce a privilege log and be prepared to produce the disputed documents to the NLRB hearing officer for in camera review.